Melvin Leonard **GRAHAM,**
Plaintiff–Appellant,

v.

Robert S. **MOSKAILK, M.D.,**
et al., Defendants.

William Malatinsky, M.D., et al., Defendants–Appellees.

No. 01–1714.

United States Court of Appeals, Sixth Circuit.

Dec. 11, 2001.

Before MOORE and COLE, Circuit Judges; O'MEARA, District Judge.[*]

*ORDER*

This is an appeal from a summary judgment for defendant prison officials in this prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Michigan inmate Melvin Leonard Graham filed a civil rights complaint against several doctors, nurses and other employees at the Lakeland Corrections Facility, Coldwater, Michigan, seeking monetary damages and other relief for an alleged Eighth Amendment deprivation. A magistrate judge eventually recommended that summary judgment should be granted for the remaining defendants and the district court adopted this recommendation over Graham's objections.

Graham argues that the district court should never have accepted for filing the defendants' motion for summary judgment and, having accepted it, should not have granted the motion. Summary judgment is proper if the evidence "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). This court reviews de novo a district court's order granting summary judgment, *Richardson v. Township of Brady*, 218 F.3d 508, 512 (6th Cir.2000), and will analyze the evidence and draw all reasonable inferences therefrom in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S.

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A de novo review of the present record clearly supports the judgment on appeal.

Graham contracted a severe case of athlete's foot in late 1998 while incarcerated at the Lakeland Facility. His treatment apparently included an oral fungicide that carried with it a medical alert of a possible side effect, namely, it might cause an imbalance in liver enzyme production in one who, like Graham, suffers from Hepatitis C. Graham's civil rights lawsuit stems from the alleged lack of treatment he received, both for the athlete's foot and the failure to monitor the level of his liver enzymes, although he does not appear to have suffered any further liver damage from this alleged failure to monitor. The defendants responded initially with a motion to dismiss and, when that was denied, they moved for summary judgment. The magistrate judge to whom the matter was assigned reviewed the evidentiary material and concluded that, even assuming that Graham's foot condition presented a serious medical need, there was ample proof to disprove any claim that the defendants acted with deliberate indifference toward Graham and his medical problems. The district court adopted this recommendation, over Graham's objections, and this appeal followed. On appeal, Graham takes issue with the judgment in its entirety and contends that the defendants should not have been permitted to move for summary judgment as they had allegedly waived their chance to so move.

■ This appeal is utterly meritless. Prisoners have a general right to medical care based on the Eighth Amendment, which requires that prison officials may not be deliberately indifferent to their prisoners' serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). An Eighth Amendment claim that is cognizable in law has objective and subjective components. *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The objective component means that the injury must be serious, *Hudson v. McMillian,* 503 U.S. 1, 8–9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), and the subjective component requires proof that the defendants acted with deliberate indifference to the inmate's health or safety. *Wilson v. Seiter,* 501 U.S. 294, 302–03, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

■ The record before the court is replete with evidentiary material showing that prison medical personnel were aware of Graham's foot condition, they prescribed a course of treatment, they regularly monitored his liver enzymes and, in due time, Graham's athlete's foot was cured. There is no support in law or fact for Graham's insistence that the defendants somehow forfeited their chance to move for summary judgment by not doing so in their initial answer to the complaint. This action, stripped of Graham's rhetoric, is completely unsupportable.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.